**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>-against-<br><br>IPRO DENTAL LABORATORY, INC.<br><br>　　　　　Defendant. | Civil Action No. 25-cv-61904<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

## NATURE OF ACTION

　　This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended, including by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k); Title I of the Civil Rights Act of 1991; and 42 U.S.C. § 1981a, to correct unlawful employment practice on the basis of sex (female) and to provide appropriate relief to Charging Party, Nicole Cunningham who was adversely affected by such practices. As alleged with greater specificity below, Plaintiff the United States Equal Employment Opportunity Commission alleges that Defendant iPro Dental Laboratory, Inc. discriminated against Cunningham by terminating her employment because of her pregnancy, which is discrimination based on sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission" or "the EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant iPro Dental Laboratory, Inc. ("iPro Dental") is a Florida corporation registered to do business in Florida and at all relevant times did business in Florida.

5. Defendant iPro Dental employed at least 15 employees for 20 or more weeks in 2023.

6. At all relevant times, iPro Dental was an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## CONDITIONS PRECEDENT

7. More than thirty days prior to the institution of this lawsuit, Charging Party Nicole Cunningham ("Ms. Cunningham" or "Charging Party") filed a Charge of Discrimination with the Commission alleging that iPro Dental violated Title VII by discriminating against her based on her pregnancy.

8. The Commission issued a Letter of Determination on March 24, 2025, finding reasonable cause to believe that iPro Dental terminated Charging Party based on her pregnancy.

9. Prior to initiating this lawsuit, the Commission attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion, to remedy the discriminatory practices and provide appropriate relief. The Commission was unable to secure from iPro Dental a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11. iPro Dental is a full-service dental laboratory, manufacturing dental restoration products.

12. Ahmad Ezzedin was the CEO and President of iPro Dental at all times relevant to this lawsuit.

13. Ahmad Ezzedin is also known as Joe Ezzedin and/or Joe Edin.

14. Mr. Ezzedin operates and manages the manufacturing of dental restoration products through various entities in different locations, including iPro Dental in Fort Lauderdale, Florida.

15. Charging Party Nicole Cunningham is a woman.

16. At the time of her employment with and termination from iPro Dental, Ms. Cunningham was pregnant.

17. Ms. Cunningham responded to an advertisement on Indeed.com for an Office Assistant position at iPro Dental in Fort Lauderdale, Florida.

18. Ms. Cunningham interviewed with iPro Dental on January 12, 2023.

19. On the same day, January 12, 2023, iPro Dental, through its general manager, Johara Asiedu, offered Ms. Cunningham a position via email.

20. Specifically, iPro Dental offered Ms. Cunningham the Office Assistant position.

21. During the hiring process, Ms. Cunningham informed Ms. Asiedu that she had a previously scheduled doctor's appointment on January 17th but did not give more information about the appointment.

22. On Monday, January 16, 2023, Ms. Cunningham began working at iPro Dental.

23. On Tuesday, January 17, 2023, Ms. Cunningham left work early to attend a previously approved doctor's appointment.

24. Ms. Cunningham provided Ms. Asiedu with paperwork related to the doctor's appointment, which showed that her appointment on January 17, 2023, was with an OB-GYN.

25. After receiving the paperwork from Ms. Cunningham related to the doctor's appointment, Ms. Asiedu asked Ms. Cunningham if she was pregnant.

26. Ms. Cunningham told Ms. Asiedu that she was pregnant and expecting twins.

27. Ms. Asiedu told others in the company that Ms. Cunningham was pregnant.

28. On Friday January 20, 2023, Ms. Asiedu met with Ms. Cunningham and terminated her employment.

29. During the January 20, 2023 meeting, Ms. Asiedu presented Ms. Cunningham with a termination letter.

30. Ms. Asiedu told Ms. Cunningham she was being terminated because the company was cutting back on expenses.

31. During the termination meeting, iPro Dental did not identify any other reasons for terminating Ms. Cunningham.

32. iPro Dental's financial status did not change from January 12, 2023 to January 20, 2023.

33. iPro Dental terminated Ms. Cunningham because she was pregnant.

34. Throughout her employment, Ms. Cunningham successfully performed her job duties.

35. iPro Dental did not discipline or reprimand Ms. Cunningham while she was employed.

5

36. Ms. Cunningham has suffered damages as a result of the conduct described herein.

## COUNT I-TERMINATION ON THE BASIS OF PREGNANCY

37. Paragraphs 1 through 36 are fully incorporated herein.

38. iPro Dental engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C § 2000e-2(a)(1), by terminating Ms. Cunningham because of her pregnancy, which is discrimination based on sex (female).

39. The effect of the practices complained of in paragraphs 11 through 36, above, has been to affect the terms and conditions of employment for Ms. Cunningham, to deprive her of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her pregnancy, a condition of her sex (female).

40. The unlawful employment practices complained of in paragraphs 11 through 36 were done with malice or with reckless indifference to the federally protected rights of Ms. Cunnigham.

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, directors, agents, managers, supervisors, employees, and all persons in active concert or participation with them, from participating in discriminatory conduct based on sex;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women;

  C. Order Defendant to make Ms. Cunningham whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay;

  D. Order Defendant to make Ms. Cunningham whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  E. Order Defendant to pay Ms. Cunningham punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

  F. Grant such further relief as the Court deems necessary and proper in the public interest; and

  G. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a trial on all questions of fact raised by its Complaint.

Dated: September 23, 2025      Respectfully submitted,

                U.S. EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION

                ANDREW ROGERS
                Acting General Counsel
                U.S. EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                131 M Street, N.E.
                Washington, DC 20507

*s/ Carter M. Sox*
CARTER M. SOX
Florida Bar No. 116907
Carter.sox@eeoc.gov

BEATRIZ ANDRE
Assistant Regional Attorney
New York Bar No. 4394599
Beatriz.andre@eeoc.gov

KRISTEN FOSLID
Regional Attorney
Florida Bar No. 0688681
Kristen.foslid@eeoc.gov

U.S. Equal Employment
Opportunity Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
(786) 648-5851